**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-1573**

KARANBIR SINGH,

      Petitioner,

    v.

MERRICK B. GARLAND, U.S. Attorney General,

      Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: October 29, 2021              Decided: January 21, 2022

Before AGEE, DIAZ, and QUATTLEBAUM, Circuit Judges.

Petition dismissed by unpublished per curiam opinion. Judge Diaz wrote an opinion dissenting in part.

Jagbir Terkiana, Alexandra Jacobs, TERKIANA, INC., Sunnyvale, California, for Petitioner. Brian Boynton, Acting Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Dana M. Camilleri, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Karanbir Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals (the "Board") dismissing his appeal from the immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We dismiss the petition in full.

The Board disposed of Singh's appeal by finding that he did not: (1) argue on appeal that he feared persecution on account of an imputed political opinion; (2) meaningfully challenge the IJ's finding that his proposed particular social group lacked social distinction; or (3) meaningfully contest the IJ's denial of his application for protection under the CAT. Because the Board's findings were dispositive of Singh's appeal, the Board did not consider the remaining issues raised in his brief.

We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right[.]" 8 U.S.C. § 1252(d)(1). "The exhaustion doctrine serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *Portillo Flores v. Garland*, 3 F.4th 615, 632 (4th Cir. 2021) (en banc) (internal quotation marks omitted). Thus, "[i]f a petitioner could have raised an argument before the [Board], but didn't, we do not have the authority to consider the argument in the first instance." *Id*. (internal quotation marks omitted). Administrative exhaustion "bars consideration of general issues not raised below," but does not bar the petitioner "from making more specific and nuanced points" before this Court that are "related to a particular issue." *Atemnkeng v. Barr*, 948 F.3d 231, 240 (4th Cir. 2020). This prohibition against reviewing unexhausted claims is jurisdictional. *Id*. A petitioner can

2

exhaust an issue if he raises it in his notice of appeal to the Board and the Board addresses the issue, *Portillo Flores*, 3 F.4th at 632, and we have acknowledged that the petitioner does not have to "conjure any magic words to raise an issue and simply needs to launch the appropriate argument and thus *not be penalized* by evaluating form over substance." *Atemnkeng*, 948 F.3d at 240.

We have reviewed the record, the IJ's decision, and the Board's order and agree with the Board that Singh did not meaningfully challenge the IJ's finding that his proposed particular social group lacked social distinction. *See Amaya v. Rosen*, 986 F.3d 424, 433 (4th Cir. 2021) (noting that the particularity and social distinction requirements for a cognizable particular social group "serve distinct purposes, and it is important to consider them separately and with integrity to their purposes"). We also agree with the Board's finding that Singh did not meaningfully contest the IJ's denial of his application for protection under the CAT. *See Perez Vasquez v. Garland*, 4 F.4th 213 (4th Cir. 2021) (concluding that petitioner failed to exhaust her administrative remedies as to her CAT claim). And we find no error in the Board's determination that Singh failed to exhaust the IJ's finding that he did not have a well-founded fear of persecution on account of an imputed political or anti-government opinion. At no time in his brief to the Board did Singh state that he sought relief on those grounds or that the IJ erred in denying that claim.

Accordingly, we dismiss Singh's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*

DIAZ, Circuit Judge, dissenting in part:

I agree with my colleagues that Karanbir Singh did not (1) meaningfully challenge the IJ's finding that his proposed particular social group lacked social distinction, or (2) meaningfully contest the IJ's denial of his application for protection under the Convention Against Torture.

But I part company with the majority's conclusion that Singh failed to exhaust before the Board the IJ's ruling that he didn't have a well-founded fear of persecution on account of an imputed political or anti-government opinion. As to this issue, a petitioner need not "conjure any magic words to raise an issue and simply needs to launch the appropriate argument and thus should not be penalized by evaluating form over substance." *Atemnkeng v. Barr*, 948 F.3d 231, 240 (4th Cir. 2020) (cleaned up).

Here, the IJ denied Singh's persecution claim based on an imputed political opinion after making an adverse credibility finding and determining that Singh didn't corroborate a key aspect of his claim. The IJ also found no evidence that someone in Singh's position would be mistreated after returning to India. Singh may not have stated expressly in his brief to the Board that he feared persecution on account of an imputed political or anti-government opinion. But he did challenge the IJ's findings that supported the IJ's denial of the claim.

I'm satisfied that Singh's arguments should have alerted the Board to review the IJ's decision on this issue. Thus, I would grant the petition for review as to Singh's claim that he has a well-founded fear of persecution on account of an imputed political or anti-government opinion, and remand for further proceedings.

4